CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 8 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) Civil Action No. 5:10cv00004 ) ) |
| v. | ) MEMORANDUM OPINION ) |
| CHARLES SPENCER, et al., | ) ) By: Samuel G. Wilson |
| Defendants. | ) United States District Judge |

Plaintiff Guardian Life Insurance Company of America ("Guardian") filed this interpleader action on January 21, 2010, seeking to ascertain the appropriate beneficiary of a group life insurance policy issued by Guardian to Defendant Charles Spencer ("Spencer") through Spencer's employer pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"). To date, Spencer has failed to file an answer or responsive pleading to the amended complaint, and upon the plaintiff's motion, the Clerk entered a default against Spencer on May 19, 2010.

This matter is currently before the court on the plaintiff's motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). First, the court considers sua sponte whether there is federal subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331 and ERISA, 29 U.S.C. § 1132, and finds that the plaintiff has met the requirements imposed by these statutes. Next, the court considers the merits of the plaintiff's motion and finds that because Spencer has failed to respond to the plaintiff's complaint in a timely manner, default judgment is appropriate. Therefore, the court grants plaintiff's motion for default judgment, and

finds that Spencer is not entitled to share in the judgment proceeds from the underlying interpleader action.

## I.

On December 6, 2001, Spencer enrolled in Guardian's Dependent Spouse Optional Term Life Insurance Policy ("Policy"), which Guardian offered to Spencer through Spencer's employer, Greenwood, Inc. Under the terms of the Policy, either Spencer or the estate of Spencer's spouse, JoAnn Spencer, would be entitled to receive policy benefits in the amount of $25,000 in the event of JoAnn's death.

Later, JoAnn Spencer died and her death was declared a homicide on December 11, 2003. On February 10, 2004, Spencer submitted a claim to Guardian for the benefits due under the Policy. As of June 30, 2009, the Augusta County Sheriff's Department considered Spencer a person of interest in its open investigation of the incident.

Unsure of the proper beneficiary under the Policy in the event Spencer is charged and convicted with the homicide of JoAnn Spencer, Guardian filed this interpleader action on January 21, 2010. Guardian's complaint sought to clarify Guardian's obligations and liabilities under the Policy, and named Spencer and the Estate of JoAnn Spencer as defendants and possible claimants. Spencer was personally served with the original complaint on February 22, 2010. (Pl.'s Mot., Ex. A.) After learning that Spencer had two children who may be entitled to share in the Policy proceeds, Guardian filed an amended complaint also naming Spencer's children as defendants and possible claimants to the proceeds on March 30, 2010. A copy of the amended complaint was served on Spencer by First Class Mail the same day. (Pl.'s Mot. at 3.) To date,

Spencer has not answered or filed any responsive pleadings to either the original or amended complaints.[1]

As a result, upon Guardian's motion, the Clerk entered default against Spencer pursuant to Federal Rule of Civil Procedure 55(a) on May 19, 2010. Guardian filed this motion for default judgment as to Spencer on June 7, 2010.

## II.

Before considering the merits of the plaintiff's motion, the court must ensure that there is federal subject matter jurisdiction over the case. The plaintiff claims that the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 by virtue of the fact that this interpleader action involves an employee benefit policy governed by ERISA and federal common law.[2] The Fourth Circuit has not expressly decided whether this type of interpleader action by an insurance company raises a federal question. See Conn. Gen. Life Ins. v. Riner, 351 F. Supp. 2d 492, 496 (W.D. Va. 2005).

ERISA provides that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant,

---

[1] In response to the amended complaint, Sherry Harris and Terry Spencer both filed a notice stating their intention to claim a portion of the Policy benefits.

[2] Guardian's interpleader action must rely on federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Guardian's complaint fails to meet the requirements for both diversity jurisdiction pursuant to 28 U.S.C. § 1332, and statutory interpleader jurisdiction pursuant to 28 U.S.C. § 1335. Diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). However, the amount in controversy in this case (the Policy benefits) is only $25,000. Further, statutory interpleader jurisdiction requires that there be minimal diversity between claimants to a particular fund or policy. 28 U.S.C. §1335(a)(1); State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967). Here, all the potential claimants to the Policy benefits are residents of Virginia.

beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(1). Given that Guardian is neither a participant nor a beneficiary of the ERISA plan in question, Guardian must qualify as a fiduciary in order to satisfy this threshold requirement. Riner, 351 F. Supp. 2d at 495. If Guardian does qualify as a fiduciary, ERISA only authorizes the company to bring an action to: (1) "enjoin any act or practice which violates any provision of this title or terms of the plan," or (2) "obtain other appropriate equitable relief." 29 U.S.C. §§ 1132(a)(3)(A)-(B).

### A.

Under the standards adopted by the Fourth Circuit and other circuits that have addressed the issue, Guardian satisfies the threshold fiduciary requirement for jurisdictional purposes. An insurance company such as Guardian qualifies as a fiduciary when the company retains some discretionary authority over the benefit plan and the amount of benefits to be distributed. See Bailey v. Blue Cross & Blue Shield of Va., 67 F.3d 53, 56 (4th Cir. 1995); Doe v. Group Hospitalization & Med. Servs., 3 F.3d 80, 85 (4th Cir. 1993); see also Riner, 351 F. Supp. 2d at 495 n.3 (noting that an insurance company is a fiduciary when the "essence of a complaint is the wrongful denial of a life insurance policy benefit and the insurance company exercised at least some discretion in the decision to deny benefits"). The term "fiduciary" is to be construed liberally in the ERISA context, particularly when used for jurisdictional purposes. See Denny's, Inc. v. Cake, 364 F.3d 521, 526 n.4 (4th Cir. 2004); Sentara Va. Beach Gen. Hosp. v. LeBeau, 182 F. Supp. 2d 518, 523-24 (E.D. Va. 2002) (citing Farm King Supply, Inc. v. Edward D. Jones & Co., 884 F.2d 288, 291-92 (7th Cir. 1989)).

The court has no reason to believe that Guardian does not retain some discretion over the administration and management of the benefit plan, particularly with respect to whether benefits

will be paid under the Policy in question. This conclusion is supported by the substantial number of courts that have found that insurance companies possess such discretion in interpleader actions brought by insurance companies administering employee benefit programs under ERISA. See, e.g., Metro. Life Ins. Co. v. Marsh, 119 F.3d 415, 418 (6th Cir. 1997); Metro. Life Ins. Co. v. Bryan, No. 2:04-cv-395, 2005 U.S. Dist. LEXIS 6575, at *3-4 (N.D. Ind. Apr. 13, 2005); Metro. Life Ins. Co. v. Hall, 9 F. Supp. 2d 560, 561 (D. Md. 1998); see also Aetna Life Ins. Co. v. Hager, 930 F. Supp. 343, 345 (E.D. Wis. 1996) (finding that the mere initiation of an interpleader action by an insurance company indicated that the insurance company was a fiduciary within the meaning of ERISA).

Therefore, the court finds that Guardian is a fiduciary within the context of ERISA for the purpose of determining jurisdiction.

**B.**

Guardian's interpleader action also qualifies as a suit seeking "equitable relief" under 29 U.S.C. § 1132(a)(3). While the Fourth Circuit has not decided the issue, both the Sixth Circuit and the D.C. Circuit have held that interpleader is "fundamentally equitable in nature." Marsh, 119 F.3d at 418; Commercial Union Ins. Co. v. United States, 999 F.2d 581, 588-89 (D.C. Cir. 1993).

As the D.C. Circuit noted in Commercial Union Ins. Co. v. United States, "[i]nterpleader originated at common law, 'but the primary development and principles of interpleader occurred in equity where the use of interpleader was most common.'" Id. at 588 (quoting Underwriters at Lloyd's v. Nichols, 363 F.2d 357, 360 (8th Cir. 1966)). The remedy in an interpleader action by an insurance company with limited contractual liability draws upon "equitable principles and

5

common sense," namely that the court will distribute the limited fund of assets "on some sort of ratable basis." Id. (citing Dan B. Dobbs, The Law of Remedies § 2.12, at 130 (1973) (internal quotation marks omitted)); see also Nationwide Mut. Ins. Co. v. Corns, No. 93-0055-D, 1994 U.S. Dist. LEXIS 19592, at *22-23 (W.D. Va. Dec. 20, 1994). Given interpleader's historical development and the nature of the remedy it offers to prospective plaintiffs, the Sixth Circuit has squarely held that "an interpleader action is equitable for the purposes of ERISA." Marsh, 119 F.3d at 418.[3]

For these reasons, the court finds that Guardian's present interpleader action qualifies as a suit seeking "equitable relief" within the meaning of ERISA. Having established that Guardian is a fiduciary of the employee benefit plan, and that this interpleader action is one seeking equitable relief, the court therefore determines that there is federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

---

[3] Some courts have held that federal question jurisdiction does not exist in suits brought by insurance companies seeking declaratory judgments regarding their liability because these suits do not seek equitable relief. See Transamerica Occidental Life Ins. Co. v. DiGregorio, 811 F.3d 1249, 1251 (9th Cir. 1987); Gulf Life Ins. Co. v. Arnold, 809 F.2d 1520, 1523 (11th Cir. 1987). However, these cases are distinguishable from the present case because they involved plaintiffs seeking declaratory judgments, and did not involve equitable rule interpleader as invoked by Guardian in this case. The overarching concern in both of these declaratory judgment cases was that insurance companies' claims were essentially standard contractual legal claims, and the courts feared that the companies were attempting to use declaratory judgment suits as an attempt to evade the equitable requirements of § 1132(a)(3). See Metro. Life Ins. Co. v. N. Trust Co., No. 94C2850, 1996 U.S. Dist. LEXIS 3694, at *14-15 (N.D. Ill. March 27, 1996). Here, Guardian is merely using federal question jurisdiction for the purpose of ensuring it will not be subject to multiple liability in paying out benefits under the Policy. Thus, the court finds the arguments made by the Sixth and D.C. Circuits that interpleader is "fundamentally equitable" persuasive and sufficient to distinguish interpleader cases from the declaratory judgment actions considered to be actions at law by other circuits. See Marsh, 119 F.3d at 418; see also Hager, 930 F. Supp. at 345.

## III.

Since the court has subject matter jurisdiction over the case allowing the court to review Guardian's motion, the court turns to whether Guardian is entitled to default judgment pursuant to Federal Rule of Civil Procedure Rule 55(b)(2). Given Spencer's failure to respond to either the complaint or the instant motion in a timely manner, the court finds that the entry of default judgment against Spencer is appropriate.

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Upon the moving party's request, Rule 55(a) allows for the entry of default by the clerk of the court in the event that the defaulting party has "failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered, Rule 55(b)(2) authorizes the court to enter a default judgment against the defaulting party for the amounts claimed and costs. Id. 55(b)(2). In the context of an interpleader action, a defendant against whom a default judgment has been entered forfeits any claim of entitlement that might have been asserted by that defendant. See Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n.4 (1984); Gulf Coast Galvanizing, Inc. v. Steel Sales, Co., 826 F. Supp. 197 (S.D. Miss. 1993).

Guardian originally filed this interpleader action on January 21, 2010, naming Spencer as a defendant and potential claimant to the Policy benefits. Guardian served Spencer with a copy of the original complaint on February 22, 2010. On March 30, 2010, Guardian amended the complaint to name two newly discovered potential claimants as defendants, and served Spencer with a copy of the amended complaint on the same day. Having concluded that Spencer has

failed to plead or otherwise defend himself against the action, the Clerk entered a default against Spencer pursuant to Rule 55(a) on May 19, 2010.

Since that time, Spencer has failed to respond to either the complaint or Guardian's motion for the entry of default judgment. As a result of this failure, Guardian seeks an order: (1) granting default judgment against Spencer, (2) finding that Spencer is not entitled to any share of the judgment proceeds in the underlying interpleader action, (3) finding that Guardian is discharged from any further liability to Spencer relating to the Policy proceeds, and (4) directing the Clerk to enter judgment accordingly at the close of the entire interpleader action. (Pl.'s Mot. at 3.)

Given Spencer's failure to respond, the court finds that the entry of default judgment pursuant to Rule 55(b)(2) is appropriate. Accordingly, the court grants Guardian's request and finds that Spencer is not entitled to any share of the judgment proceeds from the underlying interpleader action, and discharges Guardian from any further liability relating to Spencer with regard to the Policy proceeds.

## IV.

For the foregoing reasons, the court grants Guardian's motion for default judgment against Spencer.

**ENTER:** This 8th day of September, 2010.

UNITED STATES DISTRICT JUDGE