CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 05 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 5:10cv00004<br>)<br>) |
| v. | ) MEMORANDUM OPINION<br>) |
| CHARLES SPENCER, et al., | )<br>) By: Samuel G. Wilson |
| Defendants. | ) United States District Judge |

Plaintiff Guardian Life Insurance Company of America ("Guardian") filed this interpleader action in order to ascertain the appropriate beneficiary of a group life insurance policy issued by Guardian to Defendant Charles Spencer through his employer pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA").[1] Guardian identified four potential beneficiaries of the insurance policy and joined them as defendants in this suit: Charles Spencer; the estate of Spencer's deceased wife, JoAnn Spencer ("the Estate"); and JoAnn Spencer's two children, Sherry Harris and Terry Spencer. On September 8, 2010, the court entered default judgment against Charles Spencer for failing to respond to Guardian's complaint. Although no default has yet been entered as to the Estate, the Estate's representative has also failed to respond within sixty days of being served with the complaint. Having fulfilled its obligation to join the potential claimants to the policy, Guardian now seeks to dismiss itself from the action and recover $4,683.20 in attorney's fees from the policy proceeds to cover its expenses in the matter.

---

[1] The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. See Guardian Life Ins. Co. of America v. Spencer, 2010 WL 3522131, at *2-3 (W.D. Va. Sept. 8, 2010).

Because Guardian has properly brought all necessary parties to the action before the court, and because the requested award of fees and costs is fair and equitable,[2] the court grants Guardian's motion to dismiss, as well as Guardian's motion for costs and fees in the amount of $4,683.20. In addition, the court finds that the Estate has failed to respond or otherwise appear in response to being served within the applicable time period. Given the length of time that has lapsed since the Estate has been served, the court finds that the entry of default judgment against the Estate is appropriate in this case. See Flaksa v. Little River Marine Constr. Co., 289 F.2d 885, 887 (5th Cir. 1968) (noting that a court may enter default judgment sua sponte in appropriate circumstances).

Having entered default judgment against Spencer and the Estate, only two potential claimants remain: Terry Spencer and Sherry Harris. Both Terry Spencer and Sherry Harris have filed an affidavit stating their intention to jointly claim the remaining insurance proceeds. As the only remaining claimants to the action, the court finds that they are jointly entitled to the interpled insurance funds, minus Guardian's award of $4,682.20 for costs and fees.

**ENTER:** This 5th day of January, 2011.

UNITED STATES DISTRICT JUDGE

---

[2] Federal courts have discretion to award such fees to a stakeholder in an interpleader action when it is fair and equitable to do so. See 7 CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1719 (3d ed. 2001). Here, defendants Sherry Harris and Terry Spencer, the only defendants who have responded to the suit, have endorsed Guardian's proposed order that would award Guardian fees and costs in the amount of $4,683.20. The responding parties have consented to this award, and the court finds that it is reasonable.